[Criminal No. 125.   Filed February 23, 1898.]

[52 Pac. 350.]

GEORGE CLUFF, Defendant and Appellant, v. TERRI-
TORY OF ARIZONA, Plaintiff and Respondent.

1. CRIMINAL LAW—FRAUDULENT CLAIMS AGAINST COUNTY—INDICTMENT
—SUFFICIENCY—REV. STATS. ARIZ. 1887, PENAL CODE, PAR. 105, AND
CIVIL CODE, PAR. 1574, CITED AND CONSTRUED.—An indictment under
paragraph 105, *supra,* which provides that every person who, with
intent to defraud, presents for payment to any territorial or county
officer authorized to pay the same, if genuine, any false or fraudu-
lent claim is guilty of a felony, fails to state facts sufficient to
constitute a public offense, where it charges that the defendant
Cluff presented a fraudulent school-warrant drawn in favor of Wild,
or order, to the county treasurer for payment, he being authorized
to pay the same if genuine, but fails to allege that it was indorsed
by Wild to defendant, or that it contained any indorsement what-
ever when presented for payment, as by express provision of para-
graph 1574, *supra,* the treasurer was only permitted to pay the
money on such warrant when "duly indorsed by the person entitled
to receive the same."

APPEAL from a judgment of the District Court of the
Second Judicial District in and for the County of Graham.
Owen T. Rouse, Judge. Reversed.

The facts are stated in the opinion.

John McGowan, for Appellant.

C. M. Frazier, Attorney-General, and Wiley E. Jones, Dis-
trict Attorney, for Respondent.

DAVIS, J.—The appellant was convicted of a violation of
paragraph 105 of the Penal Code, which provides: "Every
person who, with intent to defraud, presents for allowance
or for payment to any territorial board or officer, or to any
county, town, city, ward, or village board or officer, author-
ized to allow or pay the same if genuine, any false or fraudu-
lent claim, bill, account, voucher, or writing, is guilty of
felony." The charging part of the indictment upon which
the prosecution was based is as follows: "The said George

Cluff, on or about the sixth day of February, A. D. 1896, and before the finding of this indictment, at the county of Graham, territory of Arizona, willfully, unlawfully, feloniously, and with intent to defraud the said county, then and there did present to the legally elected, qualified, and acting treasurer of said county, for payment, a certain fraudulent claim and warrant, partly written and partly printed, said claim and warrant then and there being in words and figures as follows, to wit: 'No. 370. Feby. 6th, 1896. The treasurer of Graham County will pay out of any moneys to the credit of school district No. 14 to Wallace W. Wild, or order, sixty dollars, on account of teaching January in Layton School District during the school year ending June 30, 1896. $60.00. GEORGE CLUFF, County School Superintendent,'—said claim and warrant being fradulently drawn for said sum of sixty dollars, and issued upon a certain voucher authorizing the issuance of a warrant for the sum of fifty dollars, and no more; said George Cluff, so presenting said claim and warrant, then and there well knowing the same to have been fraudulently drawn for said sum of sixty dollars, instead of said sum of fifty dollars, authorized by said voucher; said treasurer then and there being authorized to pay said warrant, if genuine.'' The defendant's motion for a new trial was overruled, and he was sentenced to confinement in the territorial prison for a term of eighteen months. He appeals from the judgment. The indictment was demurred to on the grounds,—1. That it does not substantially conform to the requirement of the Penal Code of the territory; and 2. That the facts stated therein do not constitute a public offense; and the refusal of the lower court to sustain the demurrer is complained of as error.

The statute requires every indictment to contain a statement of the acts constituting the offense in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended. Pen. Code, par. 1457. It must also be direct and certain as regards (1) the party charged, (2) the offense· charged, and (3) the particular circumstances of the offense charged, when they are necessary to constitute a complete offense. Pen. Code, par. 1459. The statute further provides that no indictment is insufficient, nor can the trial, judgment, or other proceeding

thereon be affected, by reason of any defect or imperfection in matter of form which does not tend to the prejudice of a substantial right of the defendant upon its merits. Pen. Code, par. 1467. Tested by these requirements, is the indictment sufficient in form, and do the facts stated constitute a public offense? Paragraph 1574 of the Revised Statutes makes it the duty of the treasurer of each county: "First. To receive and to hold, as a special fund, all public school moneys, whether received by him from the territorial treasurer, or raised by the county for the benefit of public schools, or. from any other source, and to keep a separate account thereof, and when the same is apportioned among the school districts, to open and keep a separate account of each district. . . . Third. To pay over, on the warrants of the county school superintendents, duly indorsed by the person entitled to receive the same, any or all of said moneys." The warrant set out in the indictment purports to have been drawn in favor of "Wallace W. Wild, or order." It is not alleged to have been indorsed by him to the defendant, or to have contained any indorsement whatever, when presented for payment. By the express provision of the statute, the treasurer was only permitted to pay the money on it when "duly indorsed by the .person entitled to receive the same,". and, unless so indorsed, he would not have been "authorized to pay the same, if genuine." We are aware that it has been held in forgery cases, upon questions of variance, that the indorsement is no part of the instrument, and need not be set out in an indictment charging the forgery of a note or bill. The question raised here, however, is not one of variance, but as to whether the indictment legally charges the offense (not forgery) defined in paragraph 105 of the Penal Code. There is no authority pleaded or apparent for the payment of this warrant to the defendant. The instrument itself impliedly, but very clearly, says, "Do not pay this money to George Cluff, or to anybody but Wallace W. Wild, or his indorsee," and in the hands of the defendant without indorsement it is plainly an inadequate instrument for the violation of the statute cited. We hold that it would not have been possible for the defendant to defraud the county by means of the warrant as pleaded, that in law this impossibility must be taken as disproving any alleged intent to defraud, that the

Arizona 5—17

indictment does not state facts sufficient to constitute a public offense, and that the lower court erred in refusing to sustain the demurrer thereto. We do not deem it necessary to examine into the record further. The judgment is reversed, the case dismissed, and it is ordered that the defendant be discharged.

Street, C. J., Sloan, J., and Doan, J., concur.